UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TODD WHEELER KELLER
        Plaintiff,

                                         17-CV-1224

    v.

MARY C. LOEWENGUTH
PATRICK J. HEALY
ROBERT H. JACKSON
        Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

This Memorandum of Law is submitted on behalf of defendants in support of their motion, for an order, substituting the United States as the sole defendant with respect to any tort claim alleged and dismissing plaintiff's complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

### SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff's filings are a jumble of legal nonsense and random citations to apparent legal authority in the well-recognized style of a "sovereign citizen." See e.g., Borst v. United States, No. 1:17-CV-00204 (MAT), 2017 WL 4697513, at *1 (W.D.N.Y. Oct. 19, 2017). However, the gist of his complaints can found at pages 12, 14, and 15 of his complaint wherein he alleges that he attempted to file papers with the Clerk's Office for the United States District Court for the Western District of New York on two occasions in September 2017 but such filings were rejected and returned because they failed to comply with the Local and Federal Rules of Civil Procedure. Dkt. # 1, Exh. 1, ¶¶ 12, 14, 15. Based on these facts, plaintiff appears to claim a

trespass or conversion of his personal property and seeks millions of dollars of damages from Clerk Mary C. Loewenguth and Deputy Clerk Patrick J. Healy.[1]  Dkt. # 1, Exh. 1.  Plaintiff also makes various references on pages six and ten to maritime or admiralty jurisdiction.  Dkt. # 1, Exh. 1, pp. 6, 10.

## PROCEDURAL HISTORY

Plaintiff commenced this action in New York State Supreme Court, Erie County on November 21, 2017.  Dkt. # 1, Exh. 1.  This action was removed to this Court on November 27, 2017.  Dkt. # 1.

## ARGUMENT

## POINT I

## PLAINTIFF HAS FAILED TO ESTABLISH THIS COURT'S SUBJECT MATTER JURISDICTION

**A.**     **Standard of Review on a 12(b)(1) Motion**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  Luckett v. Bure, 290 F.3d 493, 496 (2d Cir. 2002)(quotation omitted).  Plaintiff bears the burden of establishing this Court's subject matter jurisdiction.  Luckett, 290 F.3d at 496- 497.  While "a motion to dismiss for want of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is reviewed under the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)," [Pennacchio ex rel. Old World Brewing Company, Inc. v.

---

[1] Plaintiff also sues Robert H. Jackson.  Justice Jackson was, of course, a Justice of the Supreme Court of the United States from 1941-1954.  Justice Jackson was also the Chief United States Prosecutor at the Nuremberg trials after World War II.  Justice Jackson died on October 9, 1954.  The courthouse located at 2 Niagara Square, Buffalo, New York is dedicated in his honor.  Given Justice Jackson's death in 1954, it is extremely unlikely that he played any role in rejecting plaintiff's court filings in September 2017.

Powers, No. 05- CV-0985, 2007 WL 446355 (E.D.N.Y. Feb. 5, 2007)], "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Shipping Financial Services Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998).[2]

### B. Plaintiff Has Failed To Establish This Court's Subject Matter Jurisdiction Under Federal Admiralty and Maritime Law

"A federal court's authority to hear cases in admiralty flows initially from the Constitution, which 'extend[s]' federal judicial power 'to all Cases of admiralty and maritime Jurisdiction.'" Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 531, 115 S. Ct. 1043, 1047, 130 L. Ed. 2d 1024 (1995) (quoting U.S. Const., Art. III, § 2). "Congress has embodied that power in a statute giving federal district courts 'original jurisdiction ... of ... [a]ny civil case of admiralty or maritime jurisdiction....'" Grubart, 513 U.S. at 531 (quoting 28 U.S.C. § 1333(1)). "The primary purpose of federal admiralty jurisdiction is to 'protect[] commercial shipping' with 'uniform rules of conduct.'" LeBlanc v. Cleveland, 198 F.3d 353, 356 (2d Cir. 1999) (quoting Sisson v. Ruby, 497 U.S. 358, 362, 110 S.Ct. 2892, 111 L.Ed.2d 292 (1990)).

The most basic test for the federal courts' admiralty jurisdiction in tort cases is: "[i]f the wrong occurred on navigable waters, the action is within admiralty jurisdiction."

---

[2] It may seem paradoxical to move to dismiss for lack of subject matter jurisdiction after removing a case to federal court. However, a court always has the inherent jurisdiction to determine whether it has jurisdiction. Kuhali v. Reno, 266 F.3d 93, 100–01 (2d Cir. 2001). Such an exercise of "jurisdiction to determine jurisdiction," however, "cannot, of course, result in the creation of subject matter jurisdiction where none exists." LeBlanc v. Cleveland, 979 F. Supp. 142, 146 (N.D.N.Y. 1997), aff'd, 198 F.3d 353 (2d Cir. 1999). Consistent with this principle, the federal courts – with regularity – dismiss cases following removal on the basis of a lack of subject matter jurisdiction. Powerex Corp. v. Reliant Energy Servs., Inc., 551 U.S. 224, 232, 127 S. Ct. 2411, 2417, 168 L. Ed. 2d 112 (2007); Mooney v. G.A.C. Realty Corp., No. 14-CV-6207-FPG, 2015 WL 1010486, at *3 (W.D.N.Y. Mar. 5, 2015).

Foremost Ins. Co. v. Richardson, 457 U.S. 668, 672, 102 S. Ct. 2654, 2657, 73 L. Ed. 2d 300 (1982); Grubart, 513 U.S. at 531-532 ("The traditional test for admiralty tort jurisdiction asked only whether the tort occurred on navigable waters. If it did, admiralty jurisdiction followed; if it did not, admiralty jurisdiction did not exist."). As it pertains to jurisdiction over contract disputes, it "depends upon ... the nature and character of the contract, and the true criterion is whether it has reference to maritime service or maritime transactions." Norfolk S. Ry. Co. v. Kirby, 543 U.S. 14, 24, 125 S. Ct. 385, 393, 160 L. Ed. 2d 283 (2004) (citations and internal quotation marks omitted).

Here, as stated above, plaintiff alleges that he attempted to file papers with the Clerk's Office for the United States District Court for the Western District of New York on two occasions in September 2017 but such filings were rejected and returned because they failed to comply with the Local and Federal Rules of Civil Procedure. Even if such allegations could constitute a tort, the events occurred in Buffalo, New York and not on navigable waters. Also, plaintiff does not allege the existence of a maritime contract among the parties. Accordingly, plaintiff has not alleged any basis for subject matter jurisdiction under federal admiralty and maritime law. Borst, 2017 WL 4697513, at *2.

**C.   Plaintiff Has Failed To Establish Subject Matter Jurisdiction Under the FTCA**

    **1.   The United States Must Be Substituted As The Sole Defendant**

Under the Federal Tort Claims Act ("FTCA"), the United States provided a limited waiver of its sovereign immunity for:

> Claims against the United States for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be

> liable to the Claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1436(b) (emphasis added). Thus, sovereign immunity is waived under the FTCA if six requirements are met:

> [1] *against the United States*, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

F.D.I.C. v. Meyer, 510 U.S. 471, 477, 114 S.Ct. 996, 1000 (1994) (citing 28 U.S.C. § 1346(b)(1)) (emphasis added).

Since FTCA suits may only be brought against the United States, an employee of the government acting within the scope of his or her employment may not be sued individually for negligence. 28 U.S.C. § 2679(b)(1); see e.g., Skyers v. Sommer, No. 12 CIV. 3432, 2016 WL 4484241, at *7 (S.D.N.Y. Aug. 23, 2016) ("The only proper defendant to a tort claim under the FTCA is the United States."). If a federal employee who acted within the scope of her employment is sued individually, the United States must be substituted as the proper defendant "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose ...." 28 U.S.C. §2679(d)(1). The Attorney General has delegated this certification power to the United States Attorneys. 28 C.F.R. § 15.4.

Here, plaintiff alleges a tort claim for trespass or conversion of his personal property against Loewenguth, the Clerk of the United States District Court for the Western District of New York, and Healy, the Deputy Clerk of the United States District Court for the Western

District of New York. Dkt. # 1, Exh. 1. On November 27, 2017, U.S. Attorney James P. Kennedy certified that Loewenguth and Healy were acting within the scope of their employment with respect to the claims alleged in the complaint.[3] Accordingly, the United States should be substituted as the sole defendant and the claims against the individual defendants dismissed.[4]

> 2. **The Court Lacks Subject Matter Jurisdiction Over Any FTCA Claim Because Plaintiff Has Not Filed An Administrative Claim**

One of the pre-conditions to an FTCA suit against the United States is that plaintiff must file an administrative claim with the appropriate federal agency. 28 U.S.C. §2675; Adams by Adams v. United States Department of Housing and Urban Development, 807 F.2d 318, 320 (2d Cir. 1986). Failure to file an administrative claim is a jurisdictional defect that cannot be waived. Id.; Keene Corp. v. United States, 700 F.2d 836, 840-841 (2d Cir. 1983). "Moreover, because the FTCA constitutes a waiver of sovereign immunity, the procedure set forth in Section 2675 must be adhered to strictly." Id. at 841.

Here, plaintiff has not alleged in his complaint that he filed any such administrative claim. Accordingly, any alleged tort claim must be dismissed for lack of subject matter jurisdiction.

---

[3] The certification will be e-filed contemporaneously with this memorandum.
[4] The tort claims against Justice Jackson should also be dismissed. See footnote 1 above.

## POINT II

## PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM

**A.**     **Standard of Review on a Rule 12(b)(6) Motion**

The Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed. 2d 929 (2007) adopted a new standard of review for Rule 12(b)(6) motions. Now, a court must determine whether a complaint alleges "enough facts to state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 570, such that a court could "draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Thus, the Court imposed two requirements on a plaintiff: (i) that he plead facts and not legal conclusions and (ii) the facts alleged state a plausible claim on its face. Iqbal, 556 U.S. at 678-679. In reviewing a complaint on a 12(b)(6) motion, the district court should first start by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Next, if there are "well-pleaded factual allegations," the district court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

"The Second Circuit has recognized that this plausibility standard governs claims brought even by *pro se* litigants." Hughes v. Nemier, No. 12-CV-6024FPG, 2014 WL 1322872 at *2 (W.D.N.Y. Mar. 31, 2014) (citing Robles v. Bleau, No. 9:07–CV–0464, 2008 WL 4693153, at *5 (N.D.N.Y. Oct. 22, 2008); Jacobs v. Mostow, 271 Fed. App'x 85, 87 (2d Cir.2008); and Boykin v. KeyCorp, 521 F.3d 202, 215–16 (2d Cir.2008)) (internal quotation marks omitted). "However, the Court remains mindful that a 'document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less

7

stringent standards than formal pleadings drafted by lawyers.'" Hughes, 2014 WL 1322872 at *2 (quoting Boykin, 521 F.3d at 214.).

**B.     Plaintiff's Complaint Fails To State A Claim**

   **1.     Plaintiff's "Sovereign Citizen" Theories Do Not State A Claim**

Plaintiff's claim appears to be a variant of the "redemptionist" or "sovereign citizen" theories, which espouse the baseless notion:

> that a person has a split personality: a real person and a fictional person called the "strawman." The "strawman" purportedly came into being when the United States went off the gold standard ... and, instead, pledged the strawman of its citizens as collateral for the country's national debt. Redemptionists claim that government has power only over the strawman and not over the live person, who remains free. Individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman. Thereafter, the real person can demand that government officials pay enormous sums of money to use the strawman's name or, in the case of prisoners, to keep him in custody.

Branton v. Columbia Cty., No. 1:15-CV-00005 DNH/TW, 2015 WL 3397949, at *3 (N.D.N.Y. May 26, 2015) (quoting Monroe v. Beard, 536 F.3d 198, 203 n. 4 (3d Cir. 2008)). Some redemptionist claims are associated with UCC filings whereas others are connected with birth certificates:

> Redemptionists claim that by a birth certificate, the government created strawmen out of its citizens. A person's name spelled in English, that is with initial capital letters and small letters, represents the real person, that is, the flesh and blood person. Whenever a person's name is written in total capitals, however, as it is on a birth certificate, the Redemptionists believe that only the strawman is referenced, and the flesh and blood person is not involved.

McLaughlin v. CitiMortgage, Inc., 726 F.Supp.2d 201, 210 (D.Conn. 2010)). These theories have "not only been rejected by the courts, but also recognized as frivolous and a waste of court resources." Branton, 2015 WL 3397949, at *3 (quoting Muhammad v. Smith, No.

8

3:13–CV–760 (MAD/DEP), 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) (collecting cases).

Here, while plaintiff does not state that he ascribes to these theories, the language used in the complaint, as detailed above, certainly leads to that conclusion. Moreover, the rambling legalese contained in plaintiff's complaint and its attachments does not provide any basis for a cause of action. Accordingly, plaintiff's complaint should be dismissed in its entirety. Borst, 2017 WL 4697513.

### 2. Defendants Are Immune From Suit

The FTCA, while waiving sovereign immunity, preserves the defense of judicial immunity for the Government:

> With respect to any claim under this chapter, the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim ….

28 U.S.C. § 2674. It is well settled that a judge acting in a "judicial capacity" is absolutely immune from civil actions for damages relating to the performance of those judicial duties. See e.g., Ceparano v. Southampton Justice Court, 404 Fed.Appx. 537, 539, 2011 WL 13903 at * 1 (2d Cir. Jan. 5, 2011) (summary order). Absolute immunity applies if the judge made a mistake and even if he acted maliciously. Id. Judicial immunity also applies to "others who perform functions closely associated with the judicial process". Cleavinger v. Saxner, 474 U.S. 193, 200, 106 S.Ct. 496, 501, 88 L.Ed.2d 507 (1985); see also Peker v. Steglich, 324 Fed.Appx. 38, 39-40 (2d Cir. 2009) (summary order) (holding that government was immune from FTCA suit for manner in which Second Circuit court clerk processed an appeal); Ajaj v. MacKechnie, No. 07 Civ. 5959(PKC)(DCF), 2008 WL 3166659 at * 3-4 (S.D.N.Y. Aug 4, 2008) (dismissing FTCA claim on ground of judicial immunity); Wilk v. Federal Government

of U.S., No. 93 Civ. 5293(CSH), 1993 WL 464737 at * 1 (S.D.N.Y. Nov 08, 1993) (dismissing FTCA claim based on judicial immunity where plaintiff alleged federal judge's mishandling of cases).

Thus, even if plaintiff's complaint could be read as pleading a plausible tort, defendants, as clerks of the court, would be immune from suit.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss should be granted.

DATED: Buffalo, New York, November 29, 2017

                                             JAMES P. KENNEDY, JR.
                                             United States Attorney

                          BY:   s/MICHAEL S. CERRONE
                                             Assistant U.S. Attorney
                                             U.S. Attorney's Office
                                             Western District of New York
                                             138 Delaware Avenue
                                             Buffalo, New York 14202
                                             michael.cerrone@usdoj.gov
                                             (716) 843-5851

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TODD WHEELER KELLER

        Plaintiff,

                                          17-CV-1224

v.

MARY C. LOEWENGUTH
PATRICK J. HEALY
ROBERT H. JACKSON

        Defendants.

_____

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2017, I electronically filed the foregoing **MEMORANDUM OF LAW** with the Clerk of the District Court using its CM/ECF system.

I further certify that on November 29, 2017, I mailed the foregoing **MEMORANDUM OF LAW** by the United States Postal Service, to:

1.     Todd Wheeler Keller
       800 Exchange Street Road
       Attica, New York 14011-9998

                                      s/DIANE CARLSEN
                                      Legal Assistant