UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



TODD WHEELER KELLER,

    Plaintiff,

v.

MARY C. LOEWENGUTH,
PATRICK J. HEALY,
ROBERT H. JACKSON,

    Defendants.

17-CV-1224
DECISION AND ORDER

Todd Wheeler Keller filed this pro se action in New York State Supreme Court, Erie County, on November 21, 2017. Docket Item 1. Six days later, the defendants removed the case to this Court under 28 U.S.C. 1442(a)(1).[1] *Id.* On November 29, 2017, the defendants moved to dismiss the plaintiff's claim, under Federal Rules of Civil

---

[1] Section 1442(a)(1) permits the removal of a civil action brought in state court against "any officer (or any person acting under that officer) of the United States . . . for or relating to any act under color of such office or on account of any right, title, or authority claimed under any Act of Congress for . . . the collection of the revenue." 28 U.S.C. § 1442(a)(1). The defendants also cite § 1442(a)(3), which permits removal by "any officer of the [federal] courts . . . for or relating to any act under color of office or in the performance of his duties." *Id.* The Supreme Court has held that the right of removal under § 1442(a)(1) is absolute. *See Willingham v. Morgan*, 395 U.S. 402, 406 (1969).

Here, the plaintiff's claims are almost impossible to understand, but they appear to be against the Clerk and Chief Deputy Clerk of the United States District Court for the Western District of New York, and the deceased Supreme Court Justice for whom the courthouse is named, related to their offices and official positions. Moreover, the plaintiff has not moved to remand the case to state court. This Court therefore deems the action properly removed.

Procedure 12(b)(1) and 12(b)(6), because the plaintiff has failed to establish subject matter jurisdiction or to state a claim upon which relief can be granted. Docket Item 2.

This Court instructed the plaintiff that any response to the motion to dismiss was due by January 24, 2018. Docket Item 9. The plaintiff has yet to respond to the defendants' motion. Instead, the plaintiff has filed several self-styled "notices." Docket Items 10-12. In these notices, he also raises new claims against New York State Governor Andrew Cuomo and repeats old claims against defendant Robert H. Jackson.[2] Docket Item 10 at 20. For the reasons discussed below, this Court grants the defendants' motion to dismiss.

I. **BACKGROUND**

As the defendants note in their motion to dismiss, the plaintiff's complaint, while difficult to understand, seems to raise what has been called a "sovereign citizen" or "redemptionist" claim. *See, e.g.*, *Borst v. United States*, 2017 WL 4697513 (W.D.N.Y. Oct. 19, 2017). Such claims are based on the theory that "a person has a split personality: a real person and a fictional person called the 'strawman.' . . . Redemptionists claim that [the] government has power only over the strawman and not over the live person, who remains free." *Branton v. Columbia Cty.*, 2015 WL 3397949 (N.D.N.Y. May 26, 2015).

Keller appears to make such allegations and therefore to assert such a claim here. For example, the first part of his submission lists the plaintiff as "a man, private

---

[2] Honorable Robert H. Jackson, former associate justice of the United States Supreme Court for whom the federal courthouse in Buffalo, New York, is named, died on October 9, 1954. *See* Oyez, *Robert H. Jackson*, https://www.oyez.org/justices/robert_h_jackson (last visited May 16, 2018).

2

prosecutor," see Docket item 10 at 3, and includes a self-styled "notice" of "'man's right to pursue a claim' {cf. Private Right of Action} [sic]." Id. It also alleges that because the plaintiff is "a man, . . . no code, rule, procedure, statute, Federated State of State [sic] statute, Public Policy, etc. can be enforced upon" him. Id. at 5. It is signed over what appears to be a fingerprint, with both fingerprint and signature labeled "Autograph and Seal." Id. at 8. A "claim" follows, which cites Blackstone and the United States and New York Constitutions, and which seems to allege that the plaintiff has been injured by a "trespass upon property . . . by way of administering; restraining; monopolizing; and interfering with property." Id. at 9-10. And the plaintiff apparently seeks compensation of $2,875,000 dollars "each," id. at 10,[3] attaching an "invoice" directed to the district court clerk in that amount. See, e.g., Docket Item 10 at 27, 31; Docket Item 2 at 3, 7.

## II. DISCUSSION

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

This Court must dismiss a case when the Court "lacks the statutory or constitutional power to adjudicate it." Makarova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000); Fed. R. Civ. P. 12(b)(1). Plaintiffs have the burden of establishing subject matter jurisdiction by a preponderance of the evidence. See Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996). District courts should not draw "argumentative inferences favorable to the party asserting jurisdiction," Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.,

---

[3] The plaintiff requests damages in the amount of $2,875,000.00 from each defendant except Robert H. Jackson, preferably paid in silver dollars, Federal Reserve Notes, or cryptocurrency. Docket Item 10 at 27, 31. From this, it seems the plaintiff may not consider Robert H. Jackson to be a real party in this case. To that end, the plaintiff asserts, "Robert H. Jackson is to be removed from said claim of trespass." Docket Item 10 at 8.

3

968 F.2d 196, 198 (2d Cir. 1992), but should construe submissions of pro se litigants "liberally and read[] such submissions to raise the strongest arguments they suggest." *Ortiz v. McBride*, 323 F.3d 191, 194 (2d Cir. 2003).

Giving the complaint here the liberal review to which it is entitled, this Court interprets the complaint to assert a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq*. The "invoice" that seems to be the basis of the plaintiff's claim alleges "trespass," "personal injury," and "constructive fraud," among other torts. *See, e.g.*, Docket Item 10 at 27-28, 30-31; *see generally* Docket Item 1-1. So giving the complaint a very liberal reading, Keller seems to allege that he has been tortuously injured by the acts of the clerk and chief deputy clerk of this Court.

But Keller has failed to establish subject matter jurisdiction. To bring a claim under the FTCA, a plaintiff must meet several prerequisites including the submission of an administrative claim prior to litigating in federal court. *See* 28 U.S.C. § 2675. There is no indication—in his submissions or in the record—that the plaintiff ever filed an administrative claim with *any* agency before bringing suit. And the failure to file an administrative claim is a fatal jurisdictional defect and cannot be waived. *See Adams by Adams v. U.S. Dept. of Housing and Urban Development*, 807 F.2d 318, 321 (2d Cir. 1986).[4]

### B. Motion to Dismiss for Failure to State a Claim

Even if the Court had subject matter jurisdiction, dismissal still would be warranted because the complaint fails to state a claim upon which relief can be granted.

---

[4] If the plaintiff's references to admiralty and maritime law suggest invoking this Court's jurisdiction on that basis, the plaintiff is misguided. *See Borst*, 2017 WL 4697513, at *1.

4

In evaluating a Rule 12(b)(6) motion, the Court must consider whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Courts have not hesitated to find that the claims presented by sovereign citizens and redemptionists are frivolous and a waste of court resources." *Borst*, 2017 WL 4697513, at *1 (citing cases). Although simply labeling a claim as "sovereign citizen" or "redemptionist" is not sufficient to summarily dismiss it, Keller's claims here are not grounded in law and lack any basis whatsoever. Therefore, even if this Court did not dismiss the complaint for lack of subject matter jurisdiction, it would dismiss it for failure to state a claim.

### C. Leave to Amend

If a pro se complaint fails to state a cause of action, a court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). But an opportunity to amend is not required if "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Id.* Here, the problems with the complaint are substantive and better pleading will not cure them. The Court therefore dismisses the complaint without leave to amend.

### III. CONCLUSION

This Court does not have subject matter jurisdiction and therefore cannot consider the plaintiff's claim. Even if this Court did have jurisdiction, it still would

5

dismiss the complaint for failure to state a claim. The Court therefore GRANTS the defendants' motion to dismiss under Rule 12(b)(1), Docket Item 2. Because the deficiencies in the complaint cannot be cured by amendment, the complaint is DISMISSED without leave to amend and with prejudice, and the Clerk of the Court shall close the file.

SO ORDERED.

Dated: May 25, 2018
Buffalo, New York

_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE